# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARYL E. HIXENBAUGH    )
                       )    No. 15-342
        v.             )

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability insurance benefits and supplemental social security income, alleging disability due to various impairments. His claim was denied initially, and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties Cross-Motions for Summary Judgment, relating only to the ALJ's assessment of Plaintiff's physical impairments. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6, 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are

1

supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. THE PARTIES' MOTIONS**

Plaintiff argues that the ALJ improperly evaluated the opinion of Dr. Richardson, a treating cardiologist; improperly considered his activities of daily living as "significant"; unreasonably afforded great weight to the state agency non-examining consultant;[1] and improperly assessed Plaintiff's credibility.

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). Accordingly, an ALJ may accept some parts of the medical evidence and reject other parts, so long as he considers all of the evidence and gives some reason for discounting the evidence he rejects. Wilson v. Colvin, 2014 U.S. Dist.

---

[1] As an aside, and without analysis, Plaintiff also suggests that the ALJ's RFC was less environmentally restrictive than the non-examining source.

2

LEXIS 136974, at **5-6 (W.D. Pa. Sept. 29, 2014). Moreover, a treating physician is entitled to controlling weight if it is well-supported. 20 C.F.R. 404.1527. Further, an ALJ need not accept ultimate conclusion of disability. Howze v. Colvin, 2013 U.S. Dist. LEXIS 125182, at *40 (W.D. Pa. 2013). Again, in reviewing the ALJ's treatment of the record, I am not permitted to re-weigh the medical opinions of record.

Here, the ALJ afforded "some weight" to Dr. Richardson's opinion. In so doing, the ALJ discussed Dr. Richardson's 2012 opinion. He noted that the 2012 opinion related to Plaintiff's ability to perform his then-most-recent construction job, which is generally characterized as heavy exertion. As for Dr. Richardson's February, 2013 opinion that Plaintiff was disabled, the ALJ noted that the limitation to sedentary work was not inconsistent with the evidence; indeed, that limitation was included in the residual functional capacity assessment ("RFC"). The ALJ then noted the lack of record evidence supporting Dr. Richardson's 2013 opinion that Plaintiff could sit for only four hours, and stand/walk for only one hour, in a workday.[2] The ALJ referred to Plaintiff's improved ejection fraction and largely normal holter monitor results over time, and observed that Dr. Richardson's notes did not support the restrictions stated.[3]

In the Opinion, the ALJ noted Plaintiff's improvement in these and other aspects of cardiac health in May, 2013 and July, 2013. Further, the ALJ gave significant weight to the June, 2012 opinion of the state agency consultant, who, different from Dr. Richardson, concluded that Plaintiff was capable of performing light exertional work. The ALJ found this opinion supported, especially given Plaintiff's improvement with treatment and his activities of daily

---

[2] Plaintiff complains that the ALJ fails to specify what types of evidence would be present to substantiate Dr. Richardson's opinion. This, however, is not required of the ALJ.
[3] Dr. Richardson's February 2013 questionnaire response pointed to the Plaintiff's ejection fraction as supporting disability, and the improved ejection fraction occurred in May of 2013. It may be improper for an ALJ to reach a lay conclusion, for example, that the mere fact of a normal heart test translates to improved functional capability. However, he certainly may assess the claimant's credibility, along with other evidence of record pertinent to the grounds for the physician's functional capability finding.

living.  Nevertheless, he adopted Dr. Richardson's sedentary limitation.  Such a limitation, generally speaking, may accommodate fatigue.  Cf. Taylor v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 64424, at *32 (W.D. Pa. Apr. 16, 2013).  As regards Plaintiff's suggestion that the ALJ adopted less restrictive environmental restrictions than the state agency reviewer, the jobs recommended by the vocational expert did not even entail moderate exposure to environmental conditions; thus, adopting more restrictive limitations would not have altered the ultimate conclusion.  Under the circumstances, including the RFC, the ALJ's decision and explanation are sufficient.

As for Plaintiff's activities of daily living, Plaintiff takes issue with the ALJ's terming those activities "significant."  However, the word "significant" alone was not determinative of the ALJ's decision.  Instead, it is apparent that the ALJ considered all of Plaintiff's activities, including hobbies, and recounted the manner and frequency of those activities.  When considering Plaintiff's credibility, the ALJ adequately stated the reasons for his decision.  Given the deference to be afforded the ALJ's credibility determination, I find no error in this regard.

## CONCLUSION

In sum, I find no error in the ALJ's decision.  Plaintiff's Motion will be denied, and Defendant's granted.  An appropriate Order follows.

## ORDER

AND NOW, this 8th day of October, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

                BY THE COURT:

                /s/Donetta W. Ambrose

                Donetta W. Ambrose
                Senior Judge, U.S. District Court